NIRMALA DEVI RAO, Plaintiff-Appellant,
v.
RAMLU A. RAO, Defendant-Appellee.
No. 29312.
Intermediate Court of Appeals of Hawaii.
December 11, 2009.
On the briefs:
Stuart E. Ragan, for Plaintiff-Appellant.
Matthew S. Kohm, Joseph T. Toma, for Defendant-Appellee.

MEMORANDUM OPINION
FOLEY, Presiding Judge, FUJISE and LEONARD, JJ.
Plaintiff-Appellant, Nirmala Devi Rao (Nirmala), appeals from the Family Court of the Second Circuit's (Family Court) Order Denying Plaintiff's Motion to Reconsider Order Regarding Parties' Respective Motions for Post-Decree Relief, which was entered on August 1, 2008 (Order Denying Reconsideration of Post-Decree Relief).[1]

I. BACKGROUND
Nirmala and Defendant-Appellee, Ramlu A. Rao (Ramlu), were married on January 5, 1992. Ramlu and Nirmala have two minor children. Nirmala filed for divorce on June 22, 2006.
On January 31, 2007, Nirmala and Ramlu filed a Stipulation Regarding Child Support (Stipulation) that was signed by both parties and their respective attorneys. The stipulation stated that Nirmala and Ramlu would equitably share all child-rearing and educational expenses and that no child support would be paid by either party. However, the proposed order seeking approval of the Stipulation was denied by the Family Court.[2]
On April 24, 2007, the Family Court entered a Divorce Judgment granting Nirmala, inter alia: (1) sole physical and legal custody of the children; (2) the marital residence; (3) the family cleaning business; and (4) child support in the total amount of $280.00 per month. The Divorce Judgment granted Ramlu, inter alia: (1) reasonable visitation rights; and (2) bank accounts totaling approximately $100,000.00. Additionally, on April 24, 2007, Nirmala and Ramlu submitted a stipulation for direct payment of child support, which was approved by the Family Court.
On May 6, 2008, Nirmala filed a Motion and Affidavit for Post-Decree Relief requesting: (1) Ramlu to have supervised visitation only "at [Nirmala's] discretion;" and (2) recalculation of child support. On June 26, 2008, Ramlu filed: (1) a Motion to Enforce Settlement Agreement Incident to Divorce Judgment; and (2) a Motion to Establish Visitation. Ramlu argued that he and Nirmala had entered into the January 31, 2007 Stipulation, which provided for no child support payments, and that, when he and Nirmala signed the stipulation for direct payment of child support on April 24, 2007, Nirmala and her attorney represented that they would not seek further child support in light of Nirmala's award of the marital residence and the cleaning business.
On July 9, 2008, the Family Court held a hearing on the parties' motions for post-decree relief and on July 15, 2008, entered an Order Regarding Motions for Post-Decree Relief. The July 15, 2008 order, inter alia: (1) granted Ramlu supervised visitation rights, as arranged by Parents and Children Together (PACT), and (2) enforced the January 31, 2007 Stipulation.
On July 24, 2008, Nirmala filed a Motion to Reconsider Order Regarding Parties' Respective Motions for Post-Decree Relief. On August 1, 2008, the Family Court denied Nirmala's motion for reconsideration. On August 8, 2008, Nirmala timely filed a notice of appeal. On September 9, 2008, the Family Court entered its Findings of Fact and Conclusions of Law stemming from the Order Regarding Parties' Respective Motions for Post-Decree Relief.

II. Points of Error
On appeal, Nirmala challenges the Family Court's Findings of Fact Nos. 7, 10, 11(a) and 11(b) and Conclusion of Law No. 1. In sum, Nirmala contends that the Family Court erred in granting post-decree relief: (1) ordering enforcement of the January 31, 2007 Stipulation; and (2) allowing Ramlu supervised visitation.

III. Standards of Review
Generally, we review a family court's ruling on a motion for post-decree relief, or a motion for reconsideration, for an abuse of discretion. See, e.g., Lowther v. Lowther, 99 Hawai`i 569, 577, 57 P.3d 494, 502 (App. 2002). When reviewing a family court's decision for an abuse of discretion, Hawai`i appellate courts have consistently held:
The family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Under the abuse of discretion standard of review, the family court's decision will not be disturbed unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.
In the Interest of Doe, 77 Hawai`i 109, 115, 883 P.2d 30, 36 (1994) (internal quotation marks, citations, brackets, and ellipsis omitted).
A petition for modification of child support, however, presents a family court with three questions: (1) whether there has been substantial and material change in relevant circumstances so as to permit consideration of modification request; (2) whether there should be modification; and (3) what that modification should be. See Hawaii Revised Statutes (HRS) § 580-47(c) (2006); Davis v. Davis, 3 Haw. App. 501, 653 P.2d 1167 (1982).
Review of a family court's determination that there has or has not been a substantial and material change in relevant circumstances so as to permit consideration of child support modification request is by the right/wrong standard. Davis, 3 Haw. App. at 507, 653 P.2d at 1171. Under this de novo review standard, we examine the facts and answer the question without giving weight to the family court's answer to it. Id. A family court's decisions as to whether, based on a substantial and material change in circumstances, there should be a modification of child support and what that modification should be are reviewed under the abuse of discretion standard. Id.

IV. DISCUSSION

A. Modification of Child Support
Family courts have the continuing authority to modify orders providing for the support, maintenance, and education of the children of the parties upon showing a significant change in the circumstances of either party or the child. See HRS § 580-47(c);[3] Davis, 3 Haw. App. at 501, 653 P.2d at 1167. "A petition to modify an order for child support cannot be based on the same set of facts that were before the court when the original order was made. There must have been substantial and material change in relevant circumstances which were before the court when it made the original order." Davis, 3 Haw. App. at 505, 653 P.2d at 1170. The party requesting modification of child support must allege and prove the change in circumstances.[4] See HRS § 580-47(c) and (d); Demello v. Demello, 87 Hawai`i 209, 213, 953 P.2d 968, 972 (App. 1998).
As noted above, the "[p]etition for modification of child support presents the trial court with three questions: (1) whether there has been substantial and material change in relevant circumstance so as to permit consideration of modification request; (2) whether there should be modification; and (3) what that modification should be." Davis, 3 Haw. App. at 507, 653 P.2d at 1170.
On April 24, 2007, the Family Court entered a divorce decree that awarded Nirmala child support in the total amount of $280.00 per month. Over a year later, on June 26, 2008, Ramlu attempted to modify child support based on the pre-decree Stipulation, which provided for no child support payments, and which had been submitted to and rejected by the Family Court. Ramlu's post-decree motion also argued that, when Ramlu and Nirmala signed and filed the stipulation for direct payment of child support, Nirmala agreed not to seek further child support payments from Ramlu  essentially arguing that the parties agreed to end-run the Family Court's denial of the Stipulation. Having failed to seek reconsideration of the denial of the no-child-support Stipulation, having failed to appeal the denial of the no-child-support Stipulation, and apparently having entered into a secret deal to avoid the rulings of the Family Court, Ramlu sought, in his post-decree motion, to have the rejected pre-decree Stipulation enforced.
The Family Court granted Ramlu's motion, basing its decision on the finding that the parties had entered into the Stipulation and apparently disregarding that the Stipulation had been rejected by the presiding judge. Upon careful review, we conclude that Ramlu failed to prove, or even allege, that there was a substantial and material change in relevant circumstances warranting modification of child support. The Family Court erred in relying on the rejected pre-decree Stipulation to warrant relief from the Divorce Judgment. As there was no post-decree change of circumstances warranting modification of child support, the Family Court abused its discretion in modifying the child support order set forth in the Divorce Judgment and in enforcing the January 31, 2007 Stipulation.

B. Supervised Visitation
Nirmala argues that the Family Court erred in allowing Ramlu supervised visitation with his daughters pending the completion of a Child Protective Services investigation. Under HRS § 571-46(7), family courts may award reasonable visitation rights to parents in the discretion of the court, unless it is shown the rights are detrimental to the best interests of the child. During the July 9, 2008 hearing on the parties' motions for post-decree relief, the Family Court considered Nirmala's argument that Ramlu was under investigation by Child Protective Services, and stated that "it seems like if there was going to be charges, it would have happened a long time ago." The Family Court determined that supervised visitation arranged by PACT was appropriate and emphasized that PACT has the "discretion not to continue the visitation if it is not going well." Upon review of the record, we cannot conclude that the Family Court clearly exceeded the bounds of reason in making this decision. Thus, the Family Court did not abuse its discretion in granting supervised visitation to Ramlu.

V. CONCLUSION
The Family Court's Order Denying Reconsideration of Post-Decree Relief and the Family Court's Order Regarding Post-Decree Motions are reversed with respect to the modification of child support, and affirmed with respect to the granting of supervised visitation.
NOTES
[1] The Honorable Judge Keith E. Tanaka presided.
[2] The Honorable Simone C. Polak presided.
[3] HRS § 580-47(c) provides:

(c) No order entered under the authority of subsection (a) or entered thereafter revising so much of such an order as provides for the support, maintenance, and education of the children of the parties shall impair the power of the court from time to time to revise its orders providing for the support, maintenance, and education of the children of the parties upon a showing of a change in the circumstances of either party or any child of the parties since the entry of any prior order relating to the support, maintenance, and education. The establishment of the guidelines or the adoption of any modifications made to the guidelines set forth in section 576D-7 may constitute a change in circumstances sufficient to permit review of the support order. A material change of circumstances will be presumed if support as calculated pursuant to the guidelines is either ten per cent greater or less than the support amount in the outstanding support order. The need to provide for the child's health care needs through health insurance or other means shall be a basis for petitioning for a modification of the support order. The most current guidelines shall be used to calculate the amount of the child support obligation.
[4] HRS § 580-47(d) provides:

(d) Upon the motion of either party supported by an affidavit setting forth in particular a material change in the physical or financial circumstances of either party, or upon a showing of other good cause, the moving party, in the discretion of the court, and upon adequate notice to the other party, may be granted a hearing. The fact that the moving party is in default or arrears in the performance of any act or payment of any sums theretofore ordered to be done or paid by the party shall not necessarily constitute a bar to the granting of the hearing. The court, upon such hearing, for good cause shown may amend or revise any order and shall consider all proper circumstances in determining the amount of the allowance, if any, which shall thereafter be ordered."